By the Court,

Cowen, J.
The defendant below had authority from Jabez and not from Daniel, to make the endorsement. Thus the legal effect of the act was to bind himself and Jabez, two of the defendants, only. That made *201 out the defence, if the defendant can be received, after endorsing the three names, to prove that there were only two. I think he is estopped to do so. As to him, we must take it -that all three were, as he asserted, bound; and then his plea in abatement fails. The plaintiff has a right to say, “ as between you and me, I claim that you should be holden to the fact asserted by you in your endorsement, by which you misled me to believe there were thr.ee joint contractors, instead of two. To that I gave credit; and upon that I have acted. Nemo allegans suam turpitudinem est audiendus.” The plaintiff may thus head the defendant either way. Had the plea been that two ' contractors were not joined, the plaintiff might have insisted that only one was necessary. The maxim cited cannot be satisfied, if we allow the party who did the wrongful act to avail himself of it in any shape so as to injure his adversary.
To sustain a plea of non-joinder, it must appear in evidence that there is neither a greater nor less number of defendants than the plea sets up.
Judgment affirmed.